Case 4:22-cv-02773   Document 17   Filed on 04/03/23 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
April 03, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| PP-TX LLC, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No.: 4:22-cv-2773 |
| Kari Childs. | § § § | |
| *Defendant*. | § | |

# MEMORANDUM AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Default Judgment Against Defendant Kari Childs. ECF 15. The District Court entered default against Defendant on September 21, 2022. ECF 13. The Court RECOMMENDS that the Motion be GRANTED.[1]

## I.   Background

Plaintiff entered into an employment agreement (the "Agreement") with Defendant Kari Childs ("Dr. Childs"), a board-certified veterinary radiologist (ECF 5 at ¶ 6), effective October 25, 2021. ECF 5-1 at 2. Under the Agreement, Dr. Childs was to receive a $150,000 signing bonus following the commencement of her

---

[1] The District Court has referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 9.

employment and completion of the new hire documentation process. *Id.* at 7. The Bonus was subject to a "claw back" provision providing that if Plaintiff terminated Dr. Childs' employment "for Cause" before the 6-month anniversary of her start date, Dr. Childs would be obligated to repay the Bonus in full no later than 30 days following the termination date. *Id.*

Plaintiff alleges that Dr. Childs "began having performance issues almost immediately after she was hired," and specifically "was late for work, would no call/no show, and was grossly below average on her production numbers." ECF 5 at ¶ 11. Dr. Childs' employment was ultimately terminated "for Cause" on March 16, 2022, within six months of the start date. *Id.* at ¶ 12. Plaintiff alleges that, at the time of her termination, Dr. Childs was in possession of various pieces of company equipment. *Id.* at ¶ 10. On May 10, 2022 (more than 30 days following the termination date), Plaintiff sent Dr. Childs a demand letter seeking the return of the $150,000 Bonus as well as the company property believed to be in her possession. *Id.* at ¶ 13.

Plaintiff initially filed this action on August 16, 2022, advancing claims of (1) breach of contract for failure to repay the $150,000 Bonus, and (2) conversion in connection with the equipment. ECF 1 at ¶¶ 14-22. The Complaint was amended on August 18, 2022, to include a copy of the Agreement. ECF 5-1. Dr. Childs was served with the summons on August 18, 2022 (ECF 4), Plaintiff requested the Entry of Default on September 20, 2022 (ECF 11), and the Clerk entered default on September

21, 2022. ECF 13. Plaintiff now moves for Default Judgment under Federal Rule of Civil Procedure 55(b)(2). ECF 15. In its Motion, Plaintiff seeks damages in the amount of $109,243.16, and attorneys' fees and court costs in the amount of $7,767.50, plus interest. *Id.* at 2. The Motion also requests a hearing to present evidence in support of its request for damages. *Id.*

## II.     Default Judgment Standards

Federal Rule of Civil Procedure 55(a) grants courts authority to enter default judgment against a defendant who fails to plead or otherwise defend itself. In exercising its discretion to enter a default judgment, the Court must determine "(1) whether default judgment is procedurally warranted; (2) whether [Plaintiffs'] complaint sets forth facts sufficient to establish that it is entitled to relief; and (3) what form of relief, if any, [Plaintiffs] should receive." *Joe Hand Promotions, Inc. v. Fusion Hookah, LLC*, No. 1:19-CV-618-RP, 2020 WL 6876208, at *1 (W.D. Tex. Nov. 23, 2020).

To make the first determination, whether default judgment is procedurally warranted, courts in the Fifth Circuit must consider six factors: "[1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the

defendant's motion." *Id.* at *2 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). To make the second determination, the court looks at whether the well-pleaded factual allegations in the Plaintiff's Complaint establish a valid cause of action. *Id.* (citing *Nishimatsu Const. Co., Ltd. v. Hous. Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The third determination requires the Court to award only the relief prayed for in the Complaint as required by Federal Rule of Civil Procedure 54(c). *Id.* at *3. A defendant's default establishes only liability, not the amount of damages. *Id.* (citing *United States v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Damages will ordinarily not be awarded absent a hearing or a demonstration by detailed affidavits establishing the necessary facts. *Id.* (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

### III. Analysis

#### A. Default Judgment is procedurally warranted.

Consideration of the six *Lindsey* factors establishes that a default judgment is procedurally warranted. No material issues of fact are in dispute because Dr. Childs never responded to the Complaint. Default judgment does not substantially prejudice Dr. Childs because her own inaction "has ground the adversary process to a halt." *Id.* at *2. Grounds for default have been clearly established, as demonstrated by the Court's Order entering default, and there is no indication that Dr. Childs' default was the result of a good faith mistake or excusable neglect. The amount of the judgment

Plaintiff seeks represents only what Dr. Childs obtained from Plaintiff through the breach of contract plus interest and fees. The Court is not aware of any reason the district court would be obligated to set aside the judgment upon a motion by Dr. Childs. *See A.P. Moller - Maersk A/S v. Safewater Lines (I) Pvt., Ltd.*, 784 F. App'x 221, 225 (5th Cir. 2019) ("In determining whether good cause exists to set aside a default judgment under Rule 60(b)(1), we examine the following factors: whether the defendant willfully defaulted, whether a meritorious defense is presented, and whether setting aside the default judgment would prejudice the plaintiff.").

### B. Plaintiffs' Amended Complaint establishes entitlement to relief for breach of contract.

Plaintiff's Amended Complaint pleads a valid cause of action against Dr. Childs for breach of contract. The elements of a breach of contract claim under Texas law are "(1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) resulting damages to the plaintiff." *Fieldtech Avionics & Instruments, Inc. v. Component Control. Com, Inc.*, 262 S.W.3d 813, 825 (Tex. App.—Fort Worth 2008, no pet.) (citing *Harris v. Am. Prot. Ins. Co.*, 158 S.W.3d 614, 622–23 (Tex. App.—Fort Worth 2005, no pet.)).

Plaintiff has alleged that the parties entered into an employment contract effective October 25, 2021. ECF 5 at ¶ 7; ECF 5-1. The contract contains the following provision relating to the signing bonus:

> **Signing Bonus:** As part of [Plaintiff's] post-covid hiring bonus program, [Plaintiff] will pay you a signing bonus of $150,000 (the **Bonus**) following your commencement of employment and completion of the new hire documentation process. The Bonus will be paid according to [Plaintiff's] payroll policies and reported as taxable income to you and will be subject to all applicable taxes and withholding obligations. If you terminate your employment for any reason or if the Company terminates your employment for Cause before the [6-month] anniversary of your Start Date, then you agree to repay [100% of the Bonus] to [Plaintiff] no later than 30 days following your termination date . . . .

ECF 5-1 at 7-8 (emphasis in original). Plaintiff alleges that, pursuant to this term, it paid Dr. Childs a $150,000 Bonus following the commencement of her employment and completion of the new hire documentation process. ECF 5 at ¶¶ 8-9. Plaintiff further alleges that it terminated Dr. Childs' employment for Cause on March 16, 2022, less than six months after her Start Date of October 25, 2021, and that she has failed to return the Bonus as required by the contract. *Id.* at ¶ 13. The Amended Complaint alleges, and Plaintiff has established through Dr. Childs' default, that (1) a contract existed, (2) Plaintiff performed under the contract, (3) Dr. Childs breached the contract by failing to repay the Bonus after her termination for Cause, and (4) Plaintiff was damaged by the breach. Accordingly, Plaintiff's Amended Complaint states a claim for breach of contract. Under TEX. CIV. REM. & PRAC. CODE § 38.001(b)(8), Plaintiff is entitled to recover reasonable attorney's fees and costs in connection with its breach of contract claim.

### C. Plaintiff has established it is entitled to the relief sought.

As discussed above, Amended Complaint establishes, and Plaintiff has established through Dr. Childs' default, that Plaintiff is entitled to a judgment of liability against Dr. Childs. With respect to damages, Plaintiff's Affidavits establish entitlement to a default judgment in the amount of $109,243.16 for actual damages: This amount is comprised of the entirety of the $150,000 signing bonus, minus $40,756.84 deducted through "applicable taxes and other withholdings." ECF 16-1 at ¶ 6. Plaintiff has also established that it is entitled to post-judgment interest on damages at the federal rate in effect on the date of entry of judgment, reasonable attorney's fees in the amount of $7,278.50, and court costs in the amount of $489, composed of $85 in service fees and $404 in filing fees. Because Plaintiff's affidavits are sufficient to establish its entitlement to the requested damages, no evidentiary hearing is necessary. *Joe Hand Promotions*, 2020 WL 6876208, at *3.

### IV.   Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Plaintiff's Motion for Default Judgment (ECF 15) be GRANTED and a Default Judgment entered in favor of Plaintiff against Defendant Kari Shields. The Court also RECOMMENDS that Plaintiff be awarded damages in the amount of $109,243.16 for actual damages, post-judgment interest on damages at the federal rate in effect on the date of entry of judgment, and reasonable attorney's fees and court costs in the amount of $7,767.50.

The Clerk of the Court shall send copies of the Memorandum and Recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 03, 2023, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge